UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZACHARY NELSON,

                Petitioner,

v.

WILLIAM VAN HOOK,

                Respondent.

CASE NO. C17-780-JCC-BAT

**ORDER DECLINING SERVICE OF HABEAS PETITION AND GRANTING LEAVE TO AMEND**

Petitioner Zachary Nelson, proceeding pro se, submitted a 28 U.S.C. ¶ 2254 habeas corpus petition on May 19, 2017. Dkt. 1. Mr. Nelson seeks to challenge the determination by jury trial that he is a sexually violent predator. *Id.* He further challenges the length of his civil commitment and contends he is entitled to hearing to determine whether continued commitment is justified. *Id.*

After a trial by jury, Mr. Nelson was civilly committed as a sexually violent predator on June 5, 2012. Dkt. 1 at 1; *see also State v. Nelson*, Case No. 11-2-20771-4, *located at* https://dw.courts.wa.gov (last accessed June 20, 2017).[1] Mr. Nelson appealed on the basis that

---

[1] The Court takes judicial notice of King County Superior Court case *State v. Nelson*, Case No. 11-2-20771-4, *located at* http://dw.courts.wa.gov (last accessed June 20, 2017), and the Washington Court of Appeals decision *State v. Nelson*, 177 Wash. App. 1035, Not Reported in P.3d (2013) (unpublished); *see also Burbank–Glendale–Pasadena Airport Auth. v. City of*

| | |
|---|---|
| 1 | the deputy prosecutor had committed reversible misconduct during cross-examination and in |
| 2 | closing arguments. *State v. Nelson*, 177 Wash. App. 1035, Not Reported in P.3d (2013) |
| 3 | (unpublished). The Washington Court of Appeals affirmed on November 18, 2013, and issued |
| 4 | its mandate on January 17, 2014. *Id.*; *see also State v. Nelson*, Case No. 11-2-20771-4. It does |
| 5 | not appear that Mr. Nelson sought further review by the Washington Supreme Court. |
| 6 | After careful review of the petition and the balance of the record, the Court concludes |
| 7 | that Mr. Nelson's petition is subject to dismissal because it is unexhausted and untimely. |
| 8 | However, Mr. Nelson is granted leave to explain to the Court why his petition should not be |
| 9 | dismissed and to file an amended petition that cures, if possible, the deficiencies noted herein. |

**DISCUSSION**

Mr. Nelson may pursue federal habeas relief only after he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Not only has Mr. Nelson apparently failed to present his claims to Washington's highest court, but the claims he presented on direct appeal to the Court of Appeals differ significantly from the claims presented here. Accordingly, Mr. Nelson has failed to exhaust his state judicial remedies for purposes of this habeas petition.

---

*Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other matters of public record, as such documents "are not subject to reasonable dispute").

ORDER DECLINING SERVICE OF HABEAS
PETITION AND GRANTING LEAVE TO
AMEND - 2

Additionally, it appears Mr. Nelson's habeas claims are procedurally defaulted in the State of Washington, and if he attempts to present them in a state court challenge at this time, the claims would be denied. Under RCW 7.36.130, "[n]o court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge the party when the term of commitment has not expired," unless a habeas petition is filed within the time allowed by RCW 10.73.090. In turn, RCW 10.73.090 precludes the filing of a petition or motion for collateral attack more than one year after the judgment becomes final. A judgment becomes "final" under the statute on either the date an appellate court issues its mandate disposing of a timely direct appeal, or the date the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the underlying judgment; whichever is later. RCW 10.73.090(3)(b), (c). Here, the Washington Court of Appeals affirmed the lower court's decision on November 18, 2013 and issued its mandate on January 17, 2014, and there is no indication that further review was sought. Mr. Nelson had 30 days from the date the Appeals Court's decision was filed to seek review. RAP 13.4. That date has long passed.

A petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. Interference by state officials, the unavailability of the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner's own inadequacies are not sufficient cause to excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991). In short, Mr. Nelson must demonstrate cause (such as an objective external factor outside

his control that excused his procedural default) *and* prejudice (an error of constitutional proportions that infected his whole trial). If he cannot do so, his federal claims are not cognizable in this Court and must be dismissed.

Due to the deficiencies described above, the Court declines to serve the petition or to direct that an answer be filed. Mr. Nelson may file an amended petition to cure, if possible, the deficiencies noted above. The amended petition should be filed on the forms provided by the Clerk. Mr. Nelson must correct the noted deficiencies **by July 21, 2017 o**r his petition will be subject to dismissal with prejudice.

The Clerk is directed to send copies of this Order and of the Court's standard § 2254 forms to petitioner.

DATED this 21st day of June, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge